IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATTI MARIE HARTZ,             )
                               )
        Plaintiff,             )
                               )
    vs.                        )   Civil Action No. 12-233-J
                               )
MICHAEL J. ASTRUE,             )
COMMISSIONER OF SOCIAL SECURITY,)
                               )
        Defendant.             )

O R D E R

AND NOW, this 31st day of March, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

1

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] In arguing that the Administrative Law Judge ("ALJ") erred in finding that Plaintiff is not disabled under the Social Security Act, Plaintiff's counsel inexplicably ignores the fact that much of the evidence to which he cites was not before the ALJ when he rendered his decision on September 8, 2010. The ALJ did not have Exhibits 55F through 70F, as these were submitted only to the Appeals Council, yet counsel cites to these exhibits extensively in support of Plaintiff's argument regarding the ALJ's treatment of her hidradenitis suppurativa. Counsel makes no real attempt to differentiate between evidence that was before the ALJ and evidence that was not, or to explain why he believes that the Court can consider the latter.

It is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence, even if it was submitted to the Appeals Council. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); Chandler v. Commissioner of Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011). Accordingly, the Court cannot rely on the additional documents to which counsel cites in making its determination here. Based on the record before the ALJ at the time he issued his decision, substantial evidence supported his finding that Plaintiff was not disabled. His decision provided a thorough and complete analysis of the evidence before him.

The Court does note that it has the authority to remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

Although Plaintiff has not asked this Court for a remand based on new evidence, even if she had, the Court would deny the request because

Plaintiff has failed to meet her burden to prove that such a remand is warranted.  To remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record.  Second, the evidence must be material.  This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination.  Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record.  See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984).

Because Exhibits 55F through 70F appear, for the most part, to contain material not otherwise included in the record before the ALJ, the Court will assume that these records are new and not merely cumulative of what is in the record.  However, many of the records, particularly those contained in Exhibits 61F through 70F, are from after the date the ALJ issued his decision.  Some of this later material, such as the records in Exhibit 61F, the September 11, 2010 records from Blair Medical Associates in Exhibit 63F, the September 14, 2010 records from Altoona Family Physicians in Exhibit 66F, and the September 30, 2010 records from Blair Medical Associates in Exhibit 67F, may be close enough in time to the ALJ's decision to at least arguably relate back to the relevant time period (although none of these records indicate that they relate to the period before September 8, 2010).  Other material in these exhibits, however, substantially post-dates the ALJ's decision with no indication that the information relates back to the relevant time period.  Indeed, Exhibit 62F contains records from as late as April of 2011; Exhibits 63F, 64F, and 68F contain records from as late as July of 2011; Exhibits 65F, 66F, and 69F contain records from as late as August of 2011; Exhibit 67F contains records from as late as October of 2011; and Exhibit 70F contains records from as late as February of 2012.  This material is therefore not material, since it does not relate to the relevant time period.  See Szubak, 745 F.2d at 833 ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition."); Rainey v. Astrue, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012); Harkins v. Astrue, 2011 WL 778403, at *1 n.1 (W.D. Pa. Mar. 1, 2011).

As to the records contained in Exhibits 55F-70F from before September 8, 2010, and those from shortly thereafter identified above, it does not appear that there is a reasonable possibility that any of this evidence would have changed the outcome of the determination here. These exhibits largely contain additional information about Plaintiff's skin condition and problems with abcesses and lesions, and the ALJ was already aware of this condition and factored it into his analysis, including his determination of Plaintiff's residual functional capacity ("RFC"). Nothing in the records pertaining to Plaintiff's hidradenitis suppurativa, or in those addressing her other conditions such as her ingrown nail, establishes any new functional limitations that needed to be included in the RFC. Likewise, the records do not establish that Plaintiff has met Listing 8.06 or any other listing. The Court further notes that, despite Plaintiff's argument to the contrary, because her claim was not denied at Step Two, the issue is not whether her hidradenitis suppurativa, or any other condition, constitutes a severe impairment at Step Two, but rather whether these conditions affect her functional capacity. See Salles v. Commissioner of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006); S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). See also 20 C.F.R. § 416.945(a)(2). As the Court just explained, there is no evidence of additional limitations. Accordingly, none of the exhibits, even those from the relevant time period, constitute material evidence.

Regardless, even if the Court were to find any of the evidence relating to the relevant time period to be material, Plaintiff has made no attempt to show good cause for failing to incorporate these documents into the administrative record prior to the ALJ's decision. The documents contained in Exhibits 55F-57F and 60F, as well as several in the other exhibits, including 64F, 66F, and 67F, pre-date the supplemental hearing before the ALJ on August 16, 2010, and certainly were or should have been available at that time. There is no apparent reason why Plaintiff did not submit them to the ALJ then. In fact, at that August 16 hearing, Plaintiff requested more time to obtain additional medical records, and the ALJ provided Plaintiff with 20 days to do so. (R. 40). However, although Plaintiff appears to have provided Exhibit 54F at that time, as to the other records, she neither provided the material from within the time period nor requested additional time. This includes Exhibits 58 and part of 59, which contain information within the 20-day window provided to Plaintiff to submit such evidence. It was not until much later that Plaintiff

4

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 14) is DENIED and defendant's Motion for Summary Judgment (document No. 18) is GRANTED.

<pre>
                                        s/Alan N. Bloch
                                        United States District Judge
</pre>

ecf: Counsel of record

---

began providing the information to the Appeals Council. Even as to the records that post-date the ALJ's decision but that arguably relate back to the relevant period, there is no indication that Plaintiff attempted to inform the ALJ of the pending treatment to which those records refer that might be relevant to his decision. Accordingly, even if the material in Exhibits 55F-70F was material, a new evidence remand would not be warranted.